# No. 13-16919

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

ANGEL FRALEY, et al.,

        Plaintiffs-Appellees,

CMD; et al.,

        Intervenors-Plaintiffs-Appellees,

v.

WENDY LALLY, et al.,

        Objectors-Appellants,

v.

FACEBOOK, INC.,

        Defendant-Appellee.

_____

**BRIEF OF APPELLANTS**

On Appeal From the United States District Court
For the Northern District of California, San Francisco
D.C. No. 3:11-cv-01726-RS

John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Tel.: 978.261.5725
Fax: 978.405.5161

## TABLE OF CONTENTS

Table of Contents………………………………………………………...…….2

Table of Authorities……………………………………………………..……..3

Jurisdictional Statement……………………………………………………...4

Statement of the Issues Presented For Review …………….…….……...5

Statement of the Case…………………………………………………….…..5

Statement of Facts……………...………………………………………7

Summary of Argument…………………………………….….…....……8

Standard of Review..........................................................................10

Argument……………………………………………………………......…10

I.    The District Court Abused Its Discretion In Approving A Settlement That Does Not Represent A Meaningful Percentage Recovery................................................................................………10

II.    The District Court Abused Its Discretion By Approving A Settlement That Pays Money To Cy Pres Before Class Members Have Been Made Whole..................................................................11

III.    The District Court Abused Its Discretion By Awarding Class Counsel More Than Their Reasonable Lodestar as Fees....................13

Conclusion………………………………………………………………14

Certificates of Compliance and Service…………….………………….15

# TABLE OF AUTHORITIES

**Cases**                                                                   **page**

*Klier v. Elf Atochem N.A., Inc.*, 658 F.3d 468 (5th Cir. 2011)......................12

*Murray v. GMAC Mtg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006)...........10, 11

*Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).................................................13

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1046 (9th Cir. 2002)...............10

## Jurisdictional Statement

**1. District Court's Jurisdiction.** The District Court had jurisdiction over this case under 28 U.S.C. §1332(d)(2) because Plaintiff Fraley is a citizen of the State of Washington, and Defendant Facebook is incorporated in Delaware and has its corporate headquarters located within the State of California, and the total amount in controversy exceeds $5,000,000.

**2. Appellate Jurisdiction.** This Court has jurisdiction pursuant to 28 U.S.C. § 1291. The district court entered its orders approving settlement and granting attorneys' fees on August 26, 2013. Appellants filed their Notice of Appeal on September 24, 3013.

## Statement of Issues Presented for Review

1. Did the district court abuse its discretion by approving a settlement that fails to provide adequate compensation for plaintiffs' claims?

2. Did the district court abuse its discretion by approving a settlement that pays money to cy pres charities before class members have been made whole?

3. Did the district court abuse its discretion by awarding more than class counsel's reasonable lodestar as attorneys' fees?

## Statement of the Case

This is a case brought on behalf of a nationwide class of Facebook users whose names and images were used without their permission to promote products and services through Facebook's "Sponsored Stories" program. This action alleges counts for violation of California Civil Code §3344, and unfair competition under California Civ. Code §17200. California Civ. Code §3344 provides for a minimum statutory penalty of $750 per violation.

The parties settled the case soon after the district court denied a motion to dismiss Plaintiffs' claims. The district court denied preliminary approval to the proposed settlement consisting of a $10 million cy pres

payment, and a payment of $10 million in attorneys' fees to class counsel. The court questioned whether some cases, such as this one with 150 million class member, were too big to settle.

After rejection of the first proposed settlement, the parties returned to the court three months later with a revised settlement that added no additional monetary value.  Instead of the first settlement's designation of $10 million to cy pres and $10 million to the attorneys, the second settlement created a fund of $20 million, inclusive of attorneys' fees.  Class members were permitted to file claims against this fund, and, if few enough claims were submitted, each claimant would receive a check for up to $10.

Appellants are absent class members who filed timely objections to the settlement and class counsel's request for attorneys' fees.  After the district court approved the settlement and awarded class counsel 25% of the fund as attorneys' fees, Appellants filed this appeal.

**Statement of Facts**

Under the Sponsored Stories program, Facebook users' names and images were used without their permission to endorse products on the Facebook website. Plaintiffs allege that this violates California Civ. Code §3344, and that each violation of the code entitles the Facebook user whose name or image was used in the Sponsored Story to the $750 statutory fine.

While the class notice informed the 150 million class members that they could file claims for up to $10, so few class members filed claims that the parties amended that figure to $15. Despite the possibility of paying each claimant an even higher amount, the settlement approved by the district court provides for several million dollars to be paid to cy pres charities.

Appellants Wendy Lally, Alec Greenhouse, Jonathan Bobak and Zachary Cochran are Facebook users and class members whose names and images were used without their permission in the Sponsored Stories program. Each of the Appellants filed a timely objection to the proposed settlement and request for attorneys' fees by emailing the objection to the Settlement Administrator at GCG@fraleyfacebooksettlement.com on or before May 2, 2013, as required by the Notice.

The district court approved the settlement even though it provides less than 15 cents per class member. The district court approved a payment to cy

7

pres despite the fact that claiming class members have not been made whole. The court found that class counsel's reasonable lodestar is no less than $4.5 million, but awarded class counsel $5 million as attorneys' fees.

## Summary of Argument

The settlement originally proposed in this case demonstrates that this lawsuit was filed primarily for class counsel's benefit. The original settlement provided no compensation to the class, while paying $10 million to class counsel for less than one year's work.

While the settlement approved by the district court provides $15 each to the few class members who filed claims, the payment of a mere $15 in the context of a lawsuit demanding $750 per class member warrants rejection of the settlement. It may be true that plaintiffs' claims are so weak that there is no prospect of a monetary recovery at trial, but that should not lead to the approval of a settlement that fails to address the claims alleged, and that permits the action to be dismissed for payment of attorneys' fees and a *cy pres* donation. Instead, the court should have denied approval to the settlement, and forced the plaintiffs to litigate this case to the point where either liability is established, and a significant recovery can then be achieved based on the strengthened bargaining position, or the defendant obtains a judgment in its favor.

The entire $20 million settlement recovered here belongs to the class, and must be paid to the class members who have come forward and made claims. Payments to cy pres are permitted only where it is unfeasible to send payments to individual class members, or when each class member has been made whole. Because neither of these conditions is met here, the entire $20 million fund, less attorneys' fees, should be distributed pro rata to those class members who filed claims.

Finally, in the context of this nuisance value settlement, class counsel should receive no more than their reasonable lodestar, or $4.5 million. Multipliers should be reserved for cases in which class counsel has achieved more than the very modest results here, which amount to little more than a nominal charitable contribution by Facebook, and payment of very small amounts to class members that represents less than 2% of their statutory damages claims.

**Standard of Review**

A district court's approval of a class action settlement and award of attorneys' fees in a class action is reviewed for abuse of discretion. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1046 (9th Cir. 2002).

**Argument**

I. **The District Court Abused Its Discretion In Approving A Settlement That Does Not Represent A Meaningful Percentage Recovery.**

About all that can be said about the settlement approved by the district court is that it is greater than nothing. Because the district court found that the Plaintiffs' prospects of proving any actual damages were remote, it approved a settlement that does not begin to redress the claims alleged in the Plaintiffs' complaint. In the context of a class action that demanded payment of $750 to each class member, a $20 million settlement that provides payments of $15 to each claimant must be judged a failure. The appropriate remedy for a failed action is dismissal, not the approval of a nuisance value settlement that enriches the lawyers and charities, but provides little for the class members. *See, e.g.*, *Murray v. GMAC Mtg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("And, if the chance of success really is only 1%, shouldn't the suit be dismissed as frivolous and no one receive a penny?")

10

In *Murray*, the Seventh Circuit criticized a settlement that provided less than $1 per class member, where any unclaimed amounts would be paid to charity. *Id.* This settlement is even more egregious. $20 million is barely 13 cents per class member. The settlement would have to be at least $150 million in order to provide just $1 per class member. It is clear that the $20 million settlement, rather than being a good faith estimate of each class members' damages discounted by the likelihood of recovery, is instead just an arbitrary figure that Facebook is willing to donate to charity and pay class counsel as fees to rid itself of this litigation. When the original settlement was rejected, Facebook agreed to cut a few proactive class members in on the action, but not for more than $15. Such a settlement is not deserving of approval.

## II. The District Court Abused Its Discretion By Approving A Settlement That Pays Money To Cy Pres Before Class Members Have Been Made Whole.

It is axiomatic that any money recovered on behalf of the class in this action belongs to the class members. While the extremely small amount of recovery makes direct payment to all class members infeasible, the entire fund must be paid to those class members who come forward and make claims until and unless those class members are made whole. That did not happen here. Despite the fact that those class members who filed claims will

11

receive only $15, far less than their claimed statutory damages of $750, the court approved payments to cy pres recipients. Instead, all of the settlement fund must be paid pro rata to claimants, with nothing going to cy pres except for uncashed checks.

In *Klier v. Elf Atochem N.A., Inc.*, 658 F.3d 468 (5th Cir. 2011), the Fifth Circuit clarified that ***no settlement money may be paid to cy pres*** until every class member who has filed a claim has received 100% of the alleged damages.

> The settlement fund proceeds, having been generated by the value of the class members' claims, belong solely to the class members... Because the settlement funds are the property of the class, a *cy pres* distribution to a third party of unclaimed settlement funds is permissible "only when it is not feasible to make further distributions to class members." Where it is still logistically feasible and economically viable to make additional pro rata distributions to class members, the district court should do so, except where an additional distribution would provide a windfall to class members with liquidated-damages claims that were 100 percent satisfied by the initial distribution. A *cy pres* distribution puts settlement funds to their next-best use by providing an indirect benefit to the class. That option arises only if it is not possible to put those funds to their very best use: benefitting the class members directly.

*Id.* at 475.

Here, each class member's liquidated damages are $750, as alleged in the Complaint. That figure constitutes the ceiling on class member recovery. Until each claimant has received $750, no amount may be paid to cy pres.

Further distribution of the settlement fund to class members who filed claims is patently feasible. Instead of paying $15 to the 800,000 or so class members who filed claims in this settlement, each claimant could receive $19, which would fully exhaust the settlement fund net of fees and costs.

### III. The District Court Abused Its Discretion By Awarding Class Counsel More Than Their Reasonable Lodestar as Fees.

In awarding attorneys' fees to class counsel, the district court found that class counsel's lodestar was overstated, and that a reasonable lodestar would be around $4.5 million. Despite this finding, the district court found that a multiplier of 1.11 would be warranted, and awarded a $5 million fee.

While the difference between class counsel's lodestar and the fee awarded is small relative to the lodestar, class counsel should not receive even a $500,000 bonus for this nuisance value settlement of 13 cents per class member.

In *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010), the Supreme Court held that multipliers are disallowed in all but the most "rare" and "exceptional" cases. This case hardly satisfies those exceptions. Indeed, as outlined above, class counsel pled a case that could never be proved, with no theory of damages other than statutory damages of $112 billion. The settlement bears no relationship to the case pled by the plaintiffs, and simply constitutes a nuisance value payoff that Facebook is willing to make. In the

13

context of such a settlement, class counsel should count itself lucky to even receive payment for every hour it worked on this ill-conceived case. Under no circumstances should class counsel receive any multiplier, even one worth $500,000.

## **CONCLUSION**

For the foregoing reasons, this Court should (1) reverse the district court's approval of the settlement; or (2) reverse the district court's approval of the cy pres component of the settlement and order that the entire net settlement fund be paid to claimants; and (3) reverse the district court's award of attorneys' fees and remand with instructions to award no more than the reasonable lodestar.

Dated:  February 10, 2014

*/s/ John J. Pentz*
John J. Pentz, Esq.
19 Widow Rites Lane
Sudbury, MA 01776
Phone: (978) 261-5725
Fax: (978) 405-5161
jjpentz3@gmail.com

**Appeal No. 13-16919**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with FRAP 32(a)(7)(B), in that it contains no more than 2500 words as determined by the word-count tool of the Microsoft Word 2007 word-processing system used to create it, and that it is proportionally-spaced in 14-point type.

*/s/ John J. Pentz*
John J. Pentz

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 10, 2014.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ John J. Pentz*
John J. Pentz

## STATEMENT OF RELATED CASES

The following appeals are consolidated with this appeal: Nos. 13-16819, 13-16918, 13-16929, 13-16936, 13-17028,