UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| **Angel Fraley**, et al.                )  |   |
|     *Plaintiffs-Appellees*           ) |   |
|                                          ) |   |
| **C.M.D.**, et al.                       ) |   |
|     *Intervenor-Plaintiffs-Appellees*  ) |   |
|                                          )  | No. 13-16918 |
| **John Schachter**, et al.               ) |   |
|     *Objectors-Appellants*           ) | (Consolidated with Nos. |
|        v.              ) | 13-16819, 13-16919, |
|                                          ) | 13-16929, 13-16936, |
| **Facebook, Inc.**                       ) | 13-17028, 13-17097) |
|     *Defendant-Appellee*             ) |   |
| _____ ) |   |

MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN
SUPPORT OF OBJECTORS-APPELLANTS AND REVERSAL

Pursuant to Federal Rule of Appellate Procedure 29(b) Center for Digital Democracy (CDD), Children Now, First Star, American Academy of Pediatrics, American Academy of Child and Adolescent Psychiatry, Center for Global Policy Solutions, Center for Science in the Public Interest, Consumer Watchdog, Media Literacy Project, Yale Rudd Center for Food Policy and Obesity, Berkeley Media Studies Group, Praxis Project, Pediatrics Now, LLC, Public Health Advocacy Institute, Inc., and Media Alliance move for leave to file a brief as *amici curiae* in support of the Schachter objectors-appellants in the above-captioned case. CDD has

consulted with counsel for the parties concerning this matter: counsel for intervenor-plaintiffs-appellees, objectors-appellants, and defendant-appellee all consented to this motion; counsel for plaintiffs-appellees have not indicated a position regarding consent despite numerous attempts to contact them. CDD contacted all counsel-of-record attorneys at the firm representing plaintiff-appellee for this action, repeatedly emailed several of these attorneys over several months to offer information,[1] called the lead counsel's office and spoke with staff,[2] left messages for lead counsel, and discussed and presented potential arguments of *amici curiae* to one of the counsel-of-record for plaintiff-appellees in a phone conversation December 18, 2013.[3] Despite these efforts counsel for plaintiff-appellee have given no definitive response.

This case concerns the use of teens' likenesses and names without the express consent of their parents as is required under state laws. Since

---

[1] These emails occurred on November 25, 2013; December 11, 13, 17, 2013; January 16, 2014; and February 3, 14, 2014.

[2] This occurred numerous times in December 2013, and February 2014.

[3] At the time counsel for plaintiff-appellees suggested a response would be forthcoming in January 2014, but has not since contacted CDD's attorney.

Facebook is the largest social networking website in America, this settlement has the potential to affect millions of teenagers and abrogate both their privacy rights and their parents' rights to prior consent before teens appear in online advertisements. Furthermore, the District Court's approval of a settlement that promotes unapproved appropriation of teen's likenesses has the potential of creating an industry precedent that undercuts teens' privacy across the internet.

The above-mentioned organizations are national and California-based advocacy and capacity-building organizations specializing in consumer protection, child advocacy, public health, and media literacy and democratization. They are active in both grassroots and national dialogues with policy-makers, and they are leading the way on such issues as preventing childhood obesity, revealing unfair and unhealthy media practices, creating best practices in privacy and public health policy, and protecting America's consumers. As just one example, CDD's leadership was a key player in the passage of the Children's Online Privacy Protection Act and the regulations that have been promulgated pursuant thereto. The settlement approved by the District Court potentially will allow a practice that harms teens' health, development,

3

and rights to self-expression. All of these organizations are interested in protecting teens from unfair marketing practices that violate their privacy and have the potential to seriously harm their health and development into adults.

*Amici curiae*'s brief will aid the Court in understanding the immediate and severe reputational dangers, especially those particular to teenagers, of Facebook's policy. By covering neurological and psychological literature, as well as describing how social networks are used by marketers to spread teens' information widely against their will, the brief shows the particular challenges teens face. It also discusses how teens use and understand social networking websites, and the real dangers to future education and employment that these privacy violations represent. The participation of the above organizations as *amici curiae* will not delay the briefing of this case. The attached brief is being submitted within the time limit set by F.R.A.P. 29(e).

For these reasons CDD, Children Now, First Star, American Academy of Pediatrics, American Academy of Child and Adolescent Psychiatry, Praxis Project, Center for Global Policy Solutions, Center for Science in the Public Interest, Consumer Watchdog, Media Literacy

4

Project, Yale Rudd Center for Food Policy and Obesity, Berkeley Media Studies Group, Pediatrics Now, LLC, Public Health Advocacy Institute, Inc., and Media Alliance respectfully request the Court grant this motion and accept the attached *amicus curiae* brief in support of objectors-appellants.

February 20, 2014                    Respectfully submitted,

By: s/ Hudson Kingston
Hudson B. Kingston
Center for Digital Democracy
1621 Connecticut Ave., Ste 550
Washington, DC 20009
(202) 986-2220
hudson@democraticmedia.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

February 20, 2014                    Respectfully Submitted,

<u>By: s/ Hudson Kingston</u>
Hudson B. Kingston
Center for Digital Democracy
1621 Connecticut Ave., Ste 550
Washington, DC 20009
(202) 986-2220
hudson@democraticmedia.org

*Counsel for Amicus Curiae*