# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

## No. 13-17028

**In re**: Angel Fraley et al v. Facebook, Inc.
_____

**ANGEL FRALEY; et al.,**
**Plaintiff – Appellees,**

v.

**JOHN SCHACHTER, on behalf of himself and**
**his minor son S. M. S; et al**
**Objector-Appellant**

v.

**THOMAS L. COX JR. TRACEY COX KLINGE AND KATIE SIBLEY**
**Objector-Appellants**

v.

**FACEBOOK, INC.,**
**Defendant- Appellee**

Appeal From Judgment Entered by
The United States District Court, Northern District of California, San
Francisco, District Court Judge
District Court Case No.3:11-cv-01726-RS
_____

## BRIEF OF OBJECTOR- APPELLANT
## THOMAS L. COX, JR. , TRACEY COX KLINGE AND KATIE SIBLEY

_____

Thomas L. Cox, Jr
4934 Tremont
Dallas, Texas 75214
469-531-3313
214-855-7878 (fax)
tcox009@yahoo.com

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………………ii

TABLE OF AUTHORITIES……………….. ………………….…….iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT…..…………..1

JURISDICTIONAL STATEMENT…..……………………………….1

STATEMENT OF ISSUES…..………………………………………...1

STATEMENT OF THE CASE…..…………………………………….2

STATEMENT OF THE FACTS…..…………………………………...4

SUMMARY OF ARGUMENT....…………………………………….5

ARGUMENT....……………………………………………………6

**I.**  Adoption of Brief of other Objector – Appellants....………………6

**II.** Court erroneously approved the Settlement because Class Counsel and the Class Representatives failed to adequately represent the Class…….........................................................................................6

**III.** The Court erred in approving a Final Settlement that was not fail reasonable of adequate as required by law………………...…………..9

**IV**.   The award of Attorney Fees to Class Counsel was excessive given the limited value recovered by the class..................................................10

RELATED CASES………………………………………………………13

CONCLUSION…………………………………………..……………14

## TABLE OF AUTHORITIES

### CASES

*Amchem Prods., Inc. v. Windsor, 521 U.S. 591 (1997)* …………………….7,8
*Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401 (9th Cir. 1989)....11
*Dennis v. Kellogg Co.,* 697 F.3d, 858  (9th Cir. 2012)..……………………..2
*Dukes v. Walmart Stores, Inc., 603 F.3d 571* (9th Cir. 2010)..…………….2,7
*Evon v. Law Offices of Sidney Mickell*, 688 F. 3d 1015 (9th Cir.2012)...........7
*Fischel v. Equitable Life Assurance Soc'y,* 307 F. 3d 997 (9th Cir. 2000)....12
*Fisher v. SJB-P.D., Inc.,* 214 F. 3d 1115  (9th Cir. 2000)…………………..12
*Gen. Tel. Co. v. Falcon*, 457 U.S. 147 (1982)………………………………..7
*Hanlon v. Chrysler Corp., 150 F. 3d 1011* (9th Cir. 1998)……………7,10,11
*In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig*. 55 F. 3d 768 (3d Cir. 1995)………………………………………………………10
*Marek v. Lane,* 134 S. Ct. 8 (2013)……………………………………………9
*Molski v. Gleich,* 318 F.3d 937 (9th Cir. 2003)..…………………………….2
*Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856,  (1999)……………………..8
*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)……………………...6
*Powers v. Eichen,* 229 F.3d 1249  (9th Cir. 2000)..………………………2,12
*Riker v. Gibbons,* 2010 WL 4366012 (D. Nev. Oct. 28, 2010)……………..10
*Silber v. Mabon,* 957 F.2d. 697 (9th Cir. 1992)……………………………11
*Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993)….9,13
*Staton v. Boeing Co., 327 F.3d 938 (9th Cir. 2003)*………………………..11
*Staton v. Chrysler., 327 F.3d 938, 964 (9th Cir. 2003)*................................13
*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)……………………7

## STATUES AND FEDERAL RULES

### STATUTES

*28 U.S.C. 1291*……………………………………………………………..1
*28 U.S.C. 1332(d)(2)* ………………………………………………………1
*California Civ. Code §3344*……………………………………………3,4
*California Civ. Code §17200*…………………………………………..3,5

### *RULES*

*Fed. R. App. P. 4 (a)* ………………………………………………………1
*Fed. R. Civ. P. 23 (e)*................................................................................10
*Fed. R. Civ. P. 23(a)(4)*……………………………………………………6
*Fed. R. Civ. P. 23(e)(2)*..............................................................................9
*Fed. R. Civ. 58..*……………………………………………………………1

## OTHER AUTHORITIES

*Conte & Newberg,* NEWBERG ON CLASS ACTIONS 4th § 13:201.1..........11
*Manual For Complex Litigation, Fourth, § 21.612*……………………….7

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Appellants Thomas Cox, Tracey Klinge, and Katie Sibley, collectively "Cox Objectors" believe oral argument would benefit the court and parties.

## JURISDICTIONAL STATEMENT

The district court had diversity jurisdiction under 28 USC § 1332 (d)(2). This Courts jurisdiction exists under 28 USC § 1291. The Cox Objectors have adopted the Excerpts of Record of Appellants Schachter and all citations are to the Schachter Excerpts of Record except for the citation to the Cox Objectors Notice of Appeal.

The court's order Granting in Part Motion for Attorney Fees, Costs and Incentive Awards ER 15 and Order Granting Motion for Final Approval of Settlement ER 1 were entered on August 26, 2013 and a Final Judgment was entered on September 19, 2013 ER 22 which disposed of all parties' claims pursuant to Fed. R. Civ. P. 58 . The Cox Objectors filed a notice of appeal on October 4, 2013 ER iii , which is timely pursuant to Fed. R. App. P. 4(a).

## STATEMENT OF ISSUES

1.     The Court erroneously approved the Settlement because Class Counsel and the Class Representatives failed to adequately represent the Class.

1

**Standard of Review.** The standard for adequacy of representation of the Class is abuse of discretion. *Dennis v. Kellogg Co.,* 697 F.3d, 858, 864 (9th Cir. 2012).

2. The Court erred in approving a Final Settlement that was not fair reasonable or adequate as required by law.

**Standard of Review.** A district court's approval of a class action settlement is reviewed for abuse of discretion. *Molski v. Gleich*, 318 F.3d 937, 946 (9th Cir. 2003) [overruled on other grounds by *Dukes v. Wal-Mart Stores, Inc.* 603 F. 3d 571 (9TH Cir. 2010)].

3. The award of attorney fees to Class Counsel was excessive given the limited value received by the Class.

**Standard of Review.** A district court's award of attorney fees is reviewed for abuse of discretion. *Powers v. Eichen,* 229 F.3d 1249, 1256 (9th Cir. 2000).

## STATEMENT OF THE CASE

This is a case brought on behalf of a nationwide class of Facebook users whose names and images were used without their permission to promote products and services through Facebook's "Sponsored Stories" program. The case began its journey through the Federal Judicial System on April 8, 2011 when Facebook filed its Notice of Removal ER 177. The action alleges counts

2

for violation of California Civil Code § 3344 ER 75 and unfair competition under California Civ. Code § 17200 ER 76.  California Civ. Code § 3344 provides for a minimum statutory penalty of $750 per violation ER 76.

A settlement was reached after the District Court denied a Motion to Dismiss ER 98, however the District Court declined to give preliminary approval to the purposed settlement that would have created a *cy pres* settlement fund of ten (10) million dollars and an attorney fee payment of ten (10) million dollars ER 136.  The parties then returned with a second bite out of the approval apple.  This time the District Court approved a settlement ER 144 which included a fund of $20 million, inclusive of attorneys' fees. Class members were permitted to file claims against this fund, and, if few enough claims were submitted, each claimant would receive a check for up to $10. After the district court approved the settlement and awarded class counsel 25% of the fund as attorneys' fees.  The Cox Objector group consists of Thomas L. Cox Jr., Tracey Cox Klinge and Katie Sibley, all are class members who filed timely objections to the settlement and class counsel's request for attorneys' fees.  After the district court approved the settlement and awarded class counsel 25% of the fund as attorneys' fees, the Cox Objectors filed this appeal.  Six other appeals were also filed.

3

## **STATEMENT OF THE FACTS**

Facebook has over 150 million members in the United States ER 73. Class members receive at best nominal benefits, while class representatives receive incentive awards, plus counsel receive fees in excess of their lodestar and selected *cy pres* recipients receive financial rewards. Class members had no voice in the selection of the *cy pres* recipients.

The class consists of members of Facebook which is an online social networking site. Facebook allows users to create and maintain personal accounts where they can post information, designate other users as "Friends" ER 57-58, 60. "Sponsored Stories" was a Facebook advertising practice where when Facebook determined that users had taken certain actions pertaining to one of Facebook's advertisers an advertisement displayed the users name, likeness or image in a manner that suggested that the user was endorsing the advertiser or the advertiser's product. ER 61- 62. This resulted that under the" Sponsored Stories" program, Facebook users' names and images were used without their permission to endorse products on the Facebook website. Plaintiffs allege that this violates California Civ. Code § 3344 ER 75, and that each violation of the code entitles the Facebook user whose name or image was used in the Sponsored Story to the $750 statutory fine ER 76. Plaintiff's also alleged that a violation of unfair competition under the California Civ. Code §

17200 ER 76.

While the class notice informed the 150 million class members that they could file claims for up to $10, so few class members filed claims that the parties amended that figure to $15. Despite the possibility of paying each claimant an even higher amount, the settlement approved by the district court provides for several million dollars to be paid to *cy pres* charities.

The district court approved the settlement even though it provides less than 15 cents per class member. The district court approved a payment to *Cy pres* despite the fact that claiming class members have not been made whole. The court found that class counsel's reasonable lodestar is no less than $4.5 million, but awarded class counsel $5 million as attorneys' fees.

## SUMMARY OF ARGUMENT

This court should reverse the District Court's Order and Final Judgment approving the Settlement ER 1, 15, 22.

Here, the trial court abused its discretion by (1) erroneously approving the Settlement because Class Counsel and the Class Representatives failed to adequately represent the Class; (2) approving a final settlement that was not fair, reasonable, or adequate as required by law, and (3) wrongfully awarding an attorney fee award based on an incorrect and over-inflated valuation of the

5

settlement. Accordingly, this Court should reverse the orders of the District Court approving this class action settlement and awarding attorney's fees.

## ARGUMENT

### I. Adoption of Brief of other Objector - Appellants

The Cox Objectors adopts in their entirety the substantive arguments of the briefs of all other Objector-Appellants in the related cases that have been consolidated. For the purpose of the Excerpts of Record the Cox Objectors adopt the Excerpts of Record of Schachter Objectors filed in Cause No. 13-16818.

### II. The Court erroneously approved the Settlement because Class Counsel and the Class Representatives failed to adequately represent the Class.

The Due Process Clause of the Federal Constitution and Rule 23(a)(4) prohibit district courts from certifying plaintiff classes where named plaintiffs (class representatives) fail to demonstrate that they will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("the Due Process Clause … requires that the named plaintiff at all times adequately represent the interests of the absent class members"). The requirement that named parties fairly and adequately protect interests of the class guards against conflicts of interest

6

between the named parties and the class they wish to represent. *Amchem, Products, Inc. v. Windsor* 521 U.S., 591, 625 (1997).

Ensuring classes are adequately represented is vitally important, as class actions themselves are an exception to the general rule that lawsuits are prosecuted only by and for the benefit of individual named plaintiff. *Wal- Mart Stores, Inc v. Dukes* 131 S. Ct. 2541, 2550 (2011). The Supreme Court only exempts classes from this general rule where the class representative(s) are part of the class, with the same interests and injury as unnamed class members. *Dukes*, 131 S. Ct. at 2550. Thus, failure to take divergent interests into account and fairly accommodate them before the parties negotiate a final settlement renders representation inadequate. *Manual for Complex Litigation, Fourth, § 21.612*. Counsel must have fairly represented the interests of all the class members when they negotiated the settlement. *Id.* To this end, district courts must engage in a two-prong test, denying a finding of adequate representation, and refusing to certify the class, where (1) named plaintiffs and their counsel have any conflicts of interest with unnamed class members; or the named plaintiffs and their counsel are unable or unwilling to prosecute the action zealously on behalf of the entire class. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 157 n. 13 (1982); *Evon v. Law Offices of Sidney Mickell*, 688 F. 3d 1015, 1031 (9th Cir. 2012); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.

7

1998). This requirement applies separately to both the class representatives and class counsel—even where counsel is without conflict, class representatives might still have conflicts. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 856, n. 31 (1999). Conflicts of interests are at issue in this appeal. In this case it appears that a large class receives virtually nothing, but class representatives receive compensation, Class Counsel receive fees and class members should feel good that there is *cy pres* component. The reduction of the incentive award from the $12,500.00 requested to $1,500.00 indicates that the District Court was well aware that this is a nuisance only settlement.

      Genuine conflicts of interest between the named class representatives and absent class members always destroys adequacy of representation. *Amchem*, 521 U.S. at 625. What did result from this settlement? An injunction of questionable benefit and a *cy pres* payment. Notwithstanding the funds going to organizations that focus on consumer protection, research, education regarding on line privacy social media and the protection of minors, the fact remains that *cy pres* awards, where class members receive a token or nothing, has no place in American jurisprudence because the problem still remains that *cy pres* awards do not provide compensation to the injured class members. The best that can be said for a *cy pres* award in this situation is that it might make a class member feel good to give the Defendants' money to someone else. This is

8

different than compensating the class for the Defendants' wrongdoing. The statement of Chief Justice Roberts when the petition for certiorari was denied in *Marek v. Lane No. 134 S. Ct. (2013)*, another Facebook case,

> I agree with the this Court's decision to deny the petition for certiorari. Marek's challenge is focused on the particular features of the specific *cy pres* settlement at issue... Granting review of this case might not have afforded the Court an opportunity to address more fundamental concerns surrounding the use of such remedies in class action litigation…In a suitable case, this Court may need to clarify the limits on the use of such remedies.

The class representatives failed in their duties to the class.

### III.   The Court erred in approving a Final Settlement that was not fail reasonable or Adequate as required by law.

Under the Federal Rules of Civil Procedure and Ninth Circuit case law, a court cannot approve a class action settlement until it has held a hearing and found the settlement fundamentally fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). In making this determination, the Ninth Circuit requires judges to balance several factors. *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). The Ninth Circuit's non-exclusive list of factors includes:

9

> the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Id.* (quoting *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982). Where the record does not indicate a settlement followed sufficient discovery and genuine arms-length negotiation, that settlement receives no presumption of fairness. *Hanlon v. Chrysler Corp.,* 150 F.3d at 1026 (9th Cir. 1998).

## IV.    The award of Attorney Fees to Class Counsel was excessive given the limited value recovered by the Class.

"Under Rule 23(e) the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members .... [T]he court cannot accept a settlement that the proponents have not shown to be fair, reasonable and adequate." *In re General Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.,* 55 F. 3d 768, 785 (3d. Cir. 1995) (quoting *Grunin v. International House of Pancakes,* 513 F.2d 114, 123 (8th Cir. 1975)). *See also Riker v. Gibbons,* 2010 WL 4366012, at *2 (D. Nev. Oct. 28, 2010). "A trial court has a

10

continuing duty in a class action case to scrutinize the class attorney to see that he or she is adequately protecting the interests of the class." *Conte & Newberg,* NEWBERG ON CLASS ACTIONS 4th § 13:20 . "The district court must ensure that the representative plaintiff fulfills his fiduciary duty toward the absent class members." *Diaz v. Trust Territory of Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989). *Silber v. Mabon,* 957 F.2d. 697 (9th Cir. 1992).

It is insufficient that the settlement happened to be at "arm's length" without express collusion between the settling parties. Because of the danger of conflicts of interest, third parties must monitor the reasonableness of the settlement as well. There is a need for "special attention when the record suggests that settlement is driven by fees; that is, when counsel receive a disproportionate distribution of the settlement, or when the Class receives no monetary distribution but the Class Counsel are amply rewarded." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1021 (9th Cir. 1998). *Staton v. Boeing Co.,* 327 F.3d 938, 964 (9th Cir. 2003).

In light of the concerns discussed above, to adequately safeguard the rights and interests of absent class members, a district court must evaluate a class's claims and compare the value of those claims to the proffered settlement award. The district court here abdicated its responsibility to the absent class member.

A district courts' award of attorney fees in a class action is reviewed for abuse of discretion. *Powers v. Eichen,* 229 F. 3d 1249, 1256 (9th Cir. 2000).

"A district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision." *Fischel v. Equitable Life Assurance Soc'y,* 307 F. 3d 997, 1005 (9th Cir. 2000) (quoting *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F. 2d, 268, 270 (9th Cir. 1989)). The district court may exercise its discretion to choose between the lodestar and percentage method in calculating fees. *See Powers,* 229 F.3d at 1256. a district court, however, abuses that "discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward." *Id*.

We review the district court's underlying factual determinations for clear error. *Id*. "Any element of legal analysis which figures in the district court's decision is reviewed de novo." *Fisher v. SJB-P.D., Inc.,* 214 F. 3d 1115, 1118 (9th Cir. 2000).

The realty of this settlement is that millions of class members will receive zero benefits. If the requested fees are approved, then Class Counsel will have captured a fee in excess of their lodestar by using the percentage of the common fund method. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370,

12

1376 (9th Cir. 1993) (25% benchmark in common fund settlement for determining fairness).

The agreed attorneys' fees must be scrutinized when evaluating whether the settlement is fair, reasonable, and adequate. While the District Court has reduced the fees the fact still remains the highs are still too high. There is good reason for this: "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have obtained." *Staton v. Chrysler.,* 327 F.3d 938, 964 (9th Cir. 2003). The fees awarded should be reduced to Class Counsels lodestar.

## CONCLUSION

For each of the foregoing reasons, Appellants respectfully submits that this Court should reverse the orders of the District Court approving this class action settlement and awarding attorney's fees.

Respectfully submitted,

*/s/* Thomas L. Cox Jr.
Thomas L. Cox Jr.
Texas Bar 04964400
4934 Tremont
Dallas, TX 75214
tcox009@yahoo.com

## **RELATED CASES**

Related cases are 13-16819, 13-16918, 13-16919, 13-16929, 13-16936 and 13-17097  This appeal was consolidated by Court Order and the related cases arise from the approval of the Judgment by the District Court and raise the same or closely related issues on appeal.

*/s/* Thomas L. Cox Jr.
Thomas L. Cox Jr.
Texas Bar 04964400
4934 Tremont
Dallas, TX 75214
tcox009@yahoo.com

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

> */s/* Thomas L. Cox Jr.
> The Cox Firm
> Texas Bar 04964400
> 4934 Tremont
> Dallas, TX 75214
> tcox009@yahoo.com

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)(C)

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), I certify that the foregoing brief is proportionately spaced, has a type-face of 14 points, and as calculated by my word processing software (Microsoft Word) contains 3,511 words.

Date: March 17, 2014            */s/* Thomas L. Cox Jr.